UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

                        :

    v.                          1:25-cr-170 (ACR)

                        :

DEANDRE DAVIS           :

### DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Deandre Davis, the defendant, through undersigned counsel, pursuant to the Fourth Amendment to the United States Constitution, respectfully moves this Honorable Court to suppress the use as evidence at trial, all tangible objects seized as the result of the unlawful search and seizure by officers of the Robbery Crime Suppression Team of the Metropolitan Police Department ("MPD") on May 19, 2025 at 2105 Alabama Avenue, SE Washington D.C. Mr. Davis requests an evidentiary hearing on this motion. In support of this motion, counsel submits the following.

### Factual Background

Mr. Davis is charged in a one-count indictment with unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The charge arose out of an incident that occurred on May 19, 2025.

On May 19, 2025, Robbery Crime Suppression Team officers were driving in an unmarked police car when they drove past a laundromat. In front of the laundromat were several individuals both seated and standing.

1

According to the Gerstein affidavit, the relevant facts relating to Mr. Davis are as follows:

> RSU members then observed Mr. Davis actively smoking a white 'LIT' hand roll cigarette containing green weed like substance, to which a white cloud of smoke was emanating from Mr. Davis mouth to the air. Mr. Davis then handed the same white "LIT" hand roll cigarette containing green weed like substance to Mr. Washington.
>
> Based on probable cause, Defendants Davis, Washington and Spriggs were stopped, detained and placed under arrest for public consumption of marijuana in public space.

A firearm was recovered from Mr. Davis' groin area after his person was thoroughly searched.

The defense anticipates that an evidentiary hearing will establish that while officers may have seen individual holding something that was consistent with a cigarette, those officers could not determine what the individual was holding, what was inside whatever that object was, what that object was smelled like or what was done with that object. The defense will also anticipates that the hearing will establish that the officers from this unit routinely use public consumption of potentially legal substances as pretextual reasons for illegal searches and seizures or coerced encounters that violate individuals' Fourth Amendment and statutory rights.

## **Argument**

At the time that Mr. Davis was stopped, the police did not have a warrant for his arrest or reasonable articulable suspicion for any intrusion. Probable cause is an essential prerequisite to an arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Mr. Davis was seized at the point

that the police officers stepped out of their car and approached him as he was no longer free to leave. *United States v. Edmonds*, 240 F.3d 55, 58 (D.C. Cir. 2001). At that time, the officers had no reason to seize him. Even assuming the officers could see what they said they could see, they were not able to determine what the contents of the cigarette looked like or smelled like. Thus, there was no evidence suggesting that Mr. Davis had committed a crime. *United States v. Green*, 437 F. Supp. 2d 38, 41–42 (D.D.C. 2006) (citing *John Doe v. Metro. Police Dept. of D.C.,* 445 F.3d 460, 469 (D.C.Cir.2006)). The warrantless seizure of Mr. Davis, therefore, was unlawful. The evidence seized as a result of the encounter must be suppressed as the fruit of the unlawful seizure of Mr. Davis. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

Moreover, the search of Mr. Davis was made without a warrant and without probable cause. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967). Here, the police officers did not have a search warrant to search Mr. Davis. Nor did the police have reasonable articulable suspicion that Mr. Davis was armed and dangerous. "It is the government's burden to provide evidence sufficient to support reasonable suspicion justifying any stop." *United States v. Castle*, 825 F.3d.

625, 634 (D.C. Cir 2016) (citations omitted). Although the interaction with Mr. Davis constituted a seizure, the officers also did not have sufficient cause to conduct a stop and frisk. "Under *Terry*, and its progeny, a police officer may perform a protective frisk if he has reason to believe, based on 'specific and articulable facts … taken together with rational inferences from those facts,' that 'he is dealing with an armed and dangerous individual.'" *United States v. Holmes*, 385 F.3d 786, 789 (D.C. Cir. 2004) (quoting *Terry v. Ohio*, 392 U.S. 21, 27 (1968). Here, the officers did not have even arguable reasonable articulable suspicion that Mr. Davis was armed until the police stopped him.

## Conclusion

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Davis respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized on May 19, 2025.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500